**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Arsenio D. Rodriguez
475 Park Avenue South, 12th Floor
New York, New York 10016
Telephone: (212) 300-0375

**PECHMAN LAW GROUP PLLC**
Louis Pechman
Washcarina Martinez Alonzo
488 Madison Avenue, Suite 1120
New York, New York 10022
Telephone: (212) 583-9500

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **ILIR BLAKA, on behalf of himself and all others similarly situated,** | |
| **Plaintiff,** | |
| -against- | **CLASS ACTION COMPLAINT** |
| **LA MERIDIANA, LTD., 1431 FIRST AVENUE CORP., LA MERIDIANA I, LTD., LA MERIDIANA 2, LTD., 658-660 AMSTERDAM CORP., 137 7TH AVENUE CORPORATION, R&G 86, LLC, REMO BIAMONTE, RENATO VILARDO, and ROLANDO BIAMONTE.** | |
| **Defendants.** | |

Plaintiff Ilir Blaka ("Plaintiff" or "Blaka"), individually and on behalf of all others similarly situated, upon personal knowledge as to himself, and upon information and belief as to other matters, alleges as follows:

### NATURE OF THE ACTION

1.     This lawsuit seeks to recover minimum wage, overtime compensation, spread-of-hours pay, and statutory penalties for Plaintiff and his similarly situated co-workers -- servers, busboys, runners, bartenders, and other "Tipped Workers" – who work or have worked at any of the Numero 28 Pizzerias in New York including the "West Village" – located at 28 Carmine Street, New York, NY 10014; the "Upper East Side" – located at 1431 First Avenue, New York, NY 10021; the "East Village" – located at 176 Second Avenue, New York, NY 10003; the "Upper West Side" – located at 660 Amsterdam Avenue, New York, NY 10025; "Brooklyn" – located at 137 7th Avenue,

Brooklyn, NY 11215; and "Bergen Street" – located at 68 Bergen Street, Brooklyn, NY 11201 (collectively hereinafter, "Numero 28") in New York City.

2.      Owned and operated by La Meridiana, Ltd., 1431 First Avenue Corp., La Meridiana I, Ltd., La Meridiana 2, Ltd., 658-660 Amsterdam Corp., 137 7th Avenue Corporation, R&G 86 LLC, Remo Biamonte, Renato Vilardo, and Rolando Biamonte (collectively, "Defendants"), Numero 28 is part of a family run chain of pizzerias and Italian restaurants with six locations in the five boroughs of New York City, along with three additional locations in Austin, TX, Miami Beach, FL, and London, England.

3.      Numero 28 has been profiled and reviewed in numerous print and online publications, including the New York Times, New York Magazine and Zagat. Through the leadership of the Biamonte family, Numero 28 has expanded to include the nine locations described above.

4.      Despite operating Numero 28 under seven separate corporate entities in New York City, Defendants have been part of a single integrated enterprise that has jointly employed Tipped Workers at Numero 28. This enterprise is centrally controlled by the Biamonte family, specifically Remo Biamonte ("Remo"), Renato Vilardo ("Vilardo"), and Rolando Biamonte ("Rolando"), who own, manage and oversee operations at Numero 28.

5.      All nine locations described above are available through one universal website, www.numero28.com, which provides links to each of the Numero 28 locations. The website also allows users to access menus, view photos, and research special promotions. Furthermore, all locations have identical information under the "About Us" tab of the website including how the method and recipes of making pizza has been handed down for over 5 generations at Numero 28.

6.      Since Numero 28's inception, Defendants maintained a policy and practice whereby Tipped Workers worked only for tips and were not compensated in any manner in

accordance with the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

7.      Throughout Plaintiff's employment, Defendants required and/or were aware that Tipped Workers at Numero 28 were consistently working over 10 hours per day and over 40 hours per week.

8.      Throughout Plaintiff's employment, Defendants failed to compensate Tipped Workers at the proper minimum wage rate for all hours worked up to 40 hours per week. Defendants did not pay Tipped Workers an hourly wage. Rather, Tipped Workers only received the tips earned during each shift—regardless of the number of hours worked per shift.

9.      Furthermore, Defendants maintained a policy and practice whereby Tipped Workers were denied premium overtime wages for any and all hours worked in excess of 40 per workweek.

10.     Additionally, throughout Plaintiff's employment, Defendants maintained a policy and practice whereby Tipped Workers were not paid spread-of-hours pay when the length of the interval between the beginning and end of their workday was greater than 10 hours.

11.     Lastly, throughout Plaintiff's employment, Defendants failed to furnish Tipped Workers with proper annual wage notices or accurate wage statements.

12.     Defendants apply the same employment policies, practices, and procedures to all Tipped Workers at Numero 28.

13.     Plaintiff brings this action on behalf of himself and all similarly situated current and former Tipped Workers who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants that have deprived Plaintiff and other similarly situated employees of their lawfully earned wages.

14.     Plaintiff also brings this action on behalf of himself and all similarly situated current

and former Tipped Workers pursuant to Federal Rule of Civil Procedure 23 to remedy violations of the NYLL, Article 6, §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

## THE PARTIES

### Plaintiff

**Ilir Blaka**

15.     Blaka is an adult individual who is a resident of the Bronx, New York.

16.     Blaka was employed by Defendants as a server at Numero 28 from on or about April 14, 2011 to on or about August 2, 2015. During his employment, Blaka performed work at both the West Village and Upper East Side locations.

17.     Blaka is a covered employee within the meaning of the FLSA and the NYLL.

18.     A written consent form for Blaka is being filed with this Class Action Complaint.

### Defendants

19.     Defendants have employed and/or jointly employed Plaintiff and similarly situated employees at all times relevant.

20.     Each Defendant has had substantial control over Plaintiff's and similarly situated employees' working conditions, and over the unlawful policies and practices alleged herein.

21.     Defendants are part of a single integrated enterprise that has jointly employed Plaintiff and similarly situated employees at all times relevant.

22.     During all relevant times, Defendants' operations have been interrelated and unified.

23.     During all relevant times, Numero 28 restaurants have shared a common management, and have been centrally controlled and/or owned by Defendants.

24.     During all relevant times, Defendants centrally controlled the labor relations of

Numero 28.

25.     During all relevant times, Defendants have allowed employees to transfer or be shared by and between the Numero 28 locations without retraining.  In fact, the manager of the West Village location sent Blaka to the Upper East Side location to assist in its opening for approximately three to four months.

**La Meridiana, Ltd.**

26.     Together with the other Defendants, Defendant La Meridiana, Ltd. ("LML") has owned and/or operated Numero 28 during the relevant period.

27.     LML is a domestic business corporation organized and existing under the laws of New York.

28.     LML is the "Premises Name" that appears on the active New York State Liquor License for the premises doing business as "NO 28" located at "26 CARMINE STREET, NEW YORK, NY 10014," the address of the West Village location of Numero 28.

29.     LML is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, has employed Plaintiff and similarly situated employees.

30.     At all relevant times, LML has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

31.     LML has applied the same employment policies, practices, and procedures to all Tipped Workers, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, and spread-of-hours pay.

32.     Upon information and belief, at all relevant times LML's annual gross volume of sales made or business done was not less than $500,000.00.

**1431 First Avenue Corp.**

33.     Together with the other Defendants, Defendant 1431 First Avenue Corp. ("1431") has owned and/or operated Numero 28 during the relevant period.

34.     1431 is a domestic business corporation organized and existing under the laws of New York.

35.     According to the Entity Information provided by the New York State Department of State ("DOS"), the address to which the DOS will mail process on behalf of 1431 is "1431 First Avenue Corp., 1431 First Ave., New York, NY," which is the location of the Upper East Side location of Numero 28.

36.     1431 is the "Premises Name" that appears on the active New York State Liquor License for the premises doing business as "NUMERO 28" located at "1431 1ST AVE, NEW YORK, NY 10021," the address of the Upper East Side location of Numero 28.

37.     1431 is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, has employed Plaintiff and similarly situated employees.

38.     At all relevant times, 1431 has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

39.     1431 has applied the same employment policies, practices, and procedures to all Tipped Workers, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, and spread-of-hours pay.

40.     Upon information and belief, at all relevant times 1431's annual gross volume of sales made or business done was not less than $500,000.00.

**La Meridiana I, Ltd.**

41.     Together with the other Defendants, Defendant La Meridiana I, Ltd. ("LMLI") has

owned and/or operated Numero 28 during the relevant period.

42.     LMLI is a domestic business corporation organized and existing under the laws of New York.

43.     LMLI's Principal Executive Office address according to the DOS is "176 2ND AVENUE, NEW YORK, NEW YORK 10003," the address of East Village location of Numero 28.

44.     LMLI is the "Premises Name" that appears on the active New York State Liquor License for the premises doing business as "NUMERO 28" located at "176 2ND AVE, NEW YORK, NY 10003," the address of the East Village location of Numero 28.

45.     LMLI is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, has employed Plaintiff and similarly situated employees.

46.     At all relevant times, LMLI has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

47.     LMLI has applied the same employment policies, practices, and procedures to all Tipped Workers, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, and spread-of-hours pay.

48.     Upon information and belief, at all relevant times LMLI's annual gross volume of sales made or business done was not less than $500,000.00.

**La Meridiana 2, Ltd.**

49.     Together with the other Defendants, Defendant La Meridiana 2, Ltd. ("LML2") has owned and/or operated Numero 28 during the relevant period.

50.     LML2 is a domestic business corporation organized and existing under the laws of New York.

51.    LML2's Principal Executive Office address according to the DOS is "176 2ND AVENUE, NEW YORK, NEW YORK 10003," the address of East Village location of Numero 28.

52.    LML2 is the "Premises Name" that appears on the inactive New York State Liquor License for the premises doing business as "NUMERO 28" located at "176 2ND AVE, NEW YORK, NY 10003," the address of the East Village location of Numero 28.

53.    LML2 is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, has employed Plaintiff and similarly situated employees.

54.    At all relevant times, LML2 has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

55.    LML2 has applied the same employment policies, practices, and procedures to all Tipped Workers, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, and spread-of-hours pay.

56.    Upon information and belief, at all relevant times LML2's annual gross volume of sales made or business done was not less than $500,000.00.

**658-660 Amsterdam Corp.**

57.    Together with the other Defendants, Defendant 658-660 Amsterdam Corp. ("658") has owned and/or operated Numero 28 during the relevant period.

58.    658 is a domestic business corporation organized and existing under the laws of New York.

59.    658's Principal Executive Office address according to the DOS is "660 AMSTERDAM AVENUE, NEW YORK, NEW YORK 10025," the address of Upper West Side location of Numero 28.

60.     658 is the "Premises Name" that appears on the active New York State Liquor License for the premises doing business as "NUMERO 28 BY PICCOLA CUCINA" located at "658 660A AMSTERDAM AVE, NEW YORK, NY 10023," the address of the Upper West Side location of Numero 28.

61.     658 is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, has employed Plaintiff and similarly situated employees.

62.     At all relevant times, 658 has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

63.     658 has applied the same employment policies, practices, and procedures to all Tipped Workers, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, and spread-of-hours pay.

64.     Upon information and belief, at all relevant times 658's annual gross volume of sales made or business done was not less than $500,000.00.

**137 7th Avenue Corporation**

65.     Together with the other Defendants, Defendant 137 7th Avenue Corporation ("137") has owned and/or operated Numero 28 during the relevant period.

66.     137 is a domestic business corporation organized and existing under the laws of New York.

67.     137 is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, has employed Plaintiff and similarly situated employees.

68.     At all relevant times, 137 has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

69.     137 has applied the same employment policies, practices, and procedures to all Tipped Workers, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, and spread-of-hours pay.

70.     Upon information and belief, at all relevant times 137's annual gross volume of sales made or business done was not less than $500,000.00.

**R&G 86 LLC**

71.     Together with the other Defendants, Defendant R&G 86 LLC ("R&G") has owned and/or operated Numero 28 during the relevant period.

72.     R&G is a domestic limited liability company and existing under the laws of New York.

73.     R&G is the "Premises Name" that appears on the active New York State Liquor License for the premises doing business as "NUMERO 28" located at "68 BERGEN ST, BROOKLYN, NY 11201," the address of the Bergen Street location of Numero 28.

74.     R&G is a covered employer within the meaning of the FLSA and the NYLL, and, at all times relevant, has employed Plaintiff and similarly situated employees.

75.     At all relevant times, R&G has maintained control, oversight, and direction over Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

76.     R&G has applied the same employment policies, practices, and procedures to all Tipped Workers, including policies, practices, and procedures with respect to payment of minimum wage, overtime compensation, and spread-of-hours pay.

77.     Upon information and belief, at all relevant times R&G's annual gross volume of sales made or business done was not less than $500,000.00.

**Remo Biamonte**

78.     Upon information and belief, Remo is a resident of the State of New York.

79.     At all relevant times, Remo has been a founder, owner, and operator of Numero 28.

80.     According to the DOS, Remo is listed as the "Chief Executive Officer" for LMLI, LML2, and 658.

81.     Remo is listed as a "Principal" on the New York State Liquor Licenses for the Upper East Side, East Village, Upper West Side, and Bergen Street locations of Numero 28.

82.     At all relevant times, Remo has had power over personnel decisions at Numero 28, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

83.     At all relevant times, Remo has had power over payroll decisions at Numero 28, including the power to retain time and/or wage records.

84.     At all relevant times, Remo has been actively involved in managing the day to day operations of Numero 28.

85.     At all relevant times, Remo has had the power to stop any illegal pay practices that harmed Plaintiff and similarly situated employees.

86.     At all relevant times, Remo has had the power to transfer the assets and/or liabilities of Numero 28.

87.     At all relevant times, Remo has had the power to declare bankruptcy on behalf of Numero 28.

88.     At all relevant times, Remo has had the power to enter into contracts on behalf of Numero 28.

89.     At all relevant times, Remo has had the power to close, shut down, and/or sell Numero 28.

90.     Remo is a covered employer within the meaning of the FLSA and the NYLL, and at all relevant times, has employed and/or jointly employed Plaintiff and similarly situated employees.

**Renato Vilardo**

91.     Upon information and belief, Vilardo is a resident of the State of New York.

92.     At all relevant times, Vilardo has been a founder, owner, and operator of Numero 28.

93.     The Entity Information provided by the DOS identifies Vilardo as the "Chief Executive Officer" of LML.

94.     Vilardo is listed as a "Principal" on the active New York State Liquor License for the premises doing business as "NO 28" located at "26 CARMINE STREET, NEW YORK, NY 10014," the address of the West Village location of Numero 28.

95.     At all relevant times, Vilardo has had power over personnel decisions at Numero 28, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

96.     At all relevant times, Vilardo has had power over payroll decisions at Numero 28, including the power to retain time and/or wage records.

97.     At all relevant times, Vilardo has been actively involved in managing the day to day operations of Numero 28.  In fact, Vilardo is a constant presence at Numero 28 and regularly supervised Plaintiff and all Tipped Workers at Numero 28.

98.     At all relevant times, Vilardo has had the power to stop any illegal pay practices that harmed Plaintiff and similarly situated employees.

99.     At all relevant times, Vilardo has had the power to transfer the assets and/or liabilities of Numero 28.

100.    At all relevant times, Vilardo has had the power to declare bankruptcy on behalf of

Numero 28.

101.    At all relevant times, Vilardo has had the power to enter into contracts on behalf of Numero 28.

102.    At all relevant times, Vilardo has had the power to close, shut down, and/or sell Numero 28.

103.    Vilardo is a covered employer within the meaning of the FLSA and the NYLL, and at all relevant times, has employed and/or jointly employed Plaintiff and similarly situated employees.

**Rolando Biamonte**

104.    Upon information and belief, Rolando is a resident of the State of New York.

105.    At all relevant times, Rolando has been a founder, owner, and operator of Numero 28.

106.    According to the DOS, Rolando is listed as the "Chief Executive Officer" for 137.

107.    Rolando is listed as a "Principal" on the New York State Liquor Licenses for the West Village and East Village locations of Numero 28.

108.    At all relevant times, Rolando has had power over personnel decisions at Numero 28, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

109.    At all relevant times, Rolando has had power over payroll decisions at Numero 28, including the power to retain time and/or wage records.

110.    At all relevant times, Rolando has been actively involved in managing the day to day operations of Numero 28.

111.    At all relevant times, Rolando has had the power to stop any illegal pay practices that harmed Plaintiff and similarly situated employees.

112.    At all relevant times, Rolando has had the power to transfer the assets and/or

liabilities of Numero 28.

113.    At all relevant times, Rolando has had the power to declare bankruptcy on behalf of Numero 28.

114.    At all relevant times, Rolando has had the power to enter into contracts on behalf of Numero 28.

115.    At all relevant times, Rolando has had the power to close, shut down, and/or sell Numero 28.

116.    Rolando is a covered employer within the meaning of the FLSA and the NYLL, and at all relevant times, has employed and/or jointly employed Plaintiff and similarly situated employees.

<u>**JURISDICTION AND VENUE**</u>

117.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

118.    This Court also has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

119.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

120.    Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

<u>**COLLECTIVE ACTION ALLEGATIONS**</u>

121.    Plaintiff brings the First and Second Causes of Action, FLSA claims, on behalf of himself and all similarly situated persons who have worked as Tipped Workers at Numero 28 in New York, who elect to opt-in to this action (the "FLSA Collective").

122.    Defendants are liable under the FLSA for, *inter alia*, failing to properly compensate

Plaintiff and the FLSA Collective.

123. Consistent with Defendants' policy and pattern or practice, Plaintiff and the FLSA Collective were not paid minimum wages for all hours worked and premium overtime compensation for all hours worked beyond 40 per workweek.

124. All of the work that Plaintiff and the FLSA Collective performed has been assigned by Defendants, and/or Defendants have been aware of all of the work that Plaintiff and the FLSA Collective have performed.

125. As part of its regular business practice, Defendants have intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

> (a) willfully failing to pay its employees, including Plaintiff and the FLSA Collective, minimum wages for all hours worked and premium overtime wages for all hours worked in excess of 40 hours per workweek; and
>
> (b) willfully failing to record all of the time that its employees, including Plaintiff and the FLSA Collective, have worked for the benefit of Defendants.

126. Defendants' unlawful conduct, as described in this Class Action Complaint, is pursuant to a corporate policy or practice of minimizing labor costs by failing to properly compensate Plaintiff and the FLSA Collective for the hours they have worked.

127. Defendants are aware or should have been aware that federal law required them to pay Tipped Workers minimum wages for all hours worked and overtime premiums for all hours worked in excess of 40 per workweek.

128. Plaintiff and the FLSA Collective perform or have performed the same primary duties.

129. Defendants' unlawful conduct has been widespread, repeated, and consistent.

130. There are many similarly situated current and former Tipped Workers who have been denied minimum wage and overtime compensation in violation of the FLSA who would

benefit from the issuance of a court-supervised notice of this lawsuit and the opportunity to join it. This notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

131.    Those similarly situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

132.    In recognition of the services Plaintiff has rendered and will continue to render to the FLSA Collective, Plaintiff will request payment of service awards upon resolution of this action.

## CLASS ACTION ALLEGATIONS

133.    Plaintiff brings the Third, Fourth, Fifth, Sixth, and Seventh Causes of Action, NYLL claims, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and a class of persons consisting of:

> All persons who work or have worked as Tipped Workers and similar employees at any of the Numero 28 pizzeria locations in New York between September 25, 2009 and the date of final judgment in this matter (the "Rule 23 Class").

134.    Excluded from the Rule 23 Class are Defendants, Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

135.    The members of the Rule 23 Class are so numerous that joinder of all members is impracticable. Upon information and belief, the size of the Rule 23 Class is at least 50 individuals. Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of Defendants.

136.    Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory

relief with respect to the Rule 23 Class as a whole.

137.     Common questions of law and fact exist as to the Rule 23 Class that predominate over

any questions only affecting them individually and include, but are not limited to, the following:

> (a)  whether Defendants violated NYLL Articles 6 and 19, and the supporting New York State Department of Labor regulations;
>
> (b)  whether Defendants failed to pay Plaintiff and the Rule 23 Class minimum wages for all of the hours they worked;
>
> (c)  whether Defendants failed to pay Plaintiff and the Rule 23 Class for hours worked in excess of 40 per workweek;
>
> (d)  whether Defendants failed to provide Plaintiff and the Rule 23 Class with spread-of-hours pay when the length of their workday was greater than 10 hours;
>
> (e)  whether Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Rule 23 Class, and other records required by the NYLL;
>
> (f)  whether Defendants failed to furnish Plaintiff and the Rule 23 Class with proper annual wage notices, as required by the NYLL;
>
> (g)  whether Defendants failed to furnish Plaintiff and the Rule 23 Class with an accurate statement with every payment of wages, as required by the NYLL;
>
> (h)  whether Defendants' policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and
>
> (i)  the nature and extent of class-wide injury and the measure of damages for those injuries.

138.     The claims of Plaintiff are typical of the claims of the Rule 23 Class they seek to

represent.  Plaintiff and all of the Rule 23 Class members work, or have worked, for Defendants as

Tipped Workers at Numero 28 in New York.  Plaintiff and the Rule 23 Class members enjoy the same

statutory rights under the NYLL, including being paid minimum wage, to be paid overtime

compensation, and to be paid spread-of-hours pay.  Plaintiff and the Rule 23 Class members have all

sustained similar types of damages as a result of Defendants' failure to comply with the NYLL.

Plaintiff and the Rule 23 Class members have all been injured in that they have been uncompensated or

under-compensated due to Defendants' common policies, practices, and patterns of conduct.

139.    Plaintiff will fairly and adequately represent and protect the interests of the members of the Rule 23 Class.  Plaintiff understands that as a class representative, he assumes a fiduciary responsibility to the class to represent its interests fairly and adequately.  Plaintiff recognizes that as a class representative, he must represent and consider the interests of the class just as he would represent and consider his own interests.  Plaintiff understands that in decisions regarding the conduct of the litigation and its possible settlement, he must not favor his own interests over the class.  Plaintiff recognizes that any resolution of a class action must be in the best interest of the class.  Plaintiff understands that in order to provide adequate representation, he must be informed of developments in litigation, cooperate with class counsel, and testify at deposition and/or trial.  Plaintiff has retained counsel competent and experienced in complex class actions and employment litigation.  There is no conflict between Plaintiff and the Rule 23 members.

140.    In recognition of the services Plaintiff has rendered and will continue to render to the Rule 23 Class, Plaintiff will request payment of a service award upon resolution of this action.

141.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation.  The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' violations of the NYLL, as well as their common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  Plaintiff, individually, lacks the financial resources to conduct a thorough examination of Defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against Defendants to recover such damages.  In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

142.     This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## PLAINTIFF'S FACTUAL ALLEGATIONS

143.     Consistent with their policies and patterns or practices as described herein, Defendants harmed Plaintiff, individually, as follows:

**Ilir Blaka**

144.     Defendants have not paid Blaka the proper minimum wages, overtime compensation, and spread-of-hours pay for all of the time that he suffered or has been permitted to work each workweek.

145.     Blaka worked at the West Village location of Numero 28 from on or about April 4, 2011 to on or about August 2, 2015, except for an approximately three to four month period when Blaka worked at the Upper East Side location of Numero 28 from in or around February 2012 to in or around May 2012 when Blaka assisted with its grand opening.

146.     Throughout the duration of his employment at Numero 28, Blaka did not receive any hourly wages for any hours worked at Numero 28.

147.     While Defendants maintained a time keeping system, Defendants did not properly record the total number of hours Blaka worked.

148.     Throughout the entire duration of his employment, Blaka worked for the tips he received from customers  during his shifts . He received no pay from Defendants regardless of the number of hours he worked.

149.     Defendants failed to notify Blaka of the tip credit provisions of the FLSA and the NYLL, or of their intent to apply a tip credit to his wages.

150.   As a result of the above, Defendants did not satisfy the requirements under the FLSA and the NYLL by which they could apply a tip credit to the hourly rates paid to Blaka, and Defendants failed to compensate Blaka at the proper minimum wage rate.

151.   Defendants suffered or permitted Blaka to work over 40 hours per week as a server. During such workweeks, Defendants failed to compensate Blaka at time and one-half the full statutory minimum wage rate for all hours worked beyond 40.

152.   During his employment, Blaka has generally worked the following scheduled hours, unless he missed time for vacation, sick days and/or holidays:

> (a) While at both the West Village and Upper East Side locations, from in or around April 2011 to in or around August 2014: Blaka worked six days per week. Tuesdays, Thursdays, Fridays, and Sundays from approximately 11:00 a.m. to 11:00 p.m., Wednesday from approximately 11:00 a.m. to 5:00 p.m., and Saturday from approximately 5:00 p.m. to 12:00 a.m. (averaging approximately 61 hours per workweek); and

> (b) While at the West Village location, from in or around August 2014 to in or around August 2015: Blaka worked six days per week. Tuesdays and Wednesdays from approximately 11:00 a.m. to 5:00 p.m., Fridays and Saturdays from approximately 5:00 p.m. to 12:00 a.m., and Thursdays and Sundays from approximately 11:00 a.m. to 11:00 p.m. (averaging approximately 50 hours per workweek).

153.   Defendants have been required to pay Blaka at the full statutory minimum wage rate for all hours up to and including 40 hours per workweek and at time and one-half the full statutory minimum wage rate for all hours worked beyond 40 per workweek.

154.   Defendants suffered or permitted Blaka to work over 10 hours per day. Defendants did not pay Blaka one additional hour of pay at the basic minimum hourly rate for all of the times that the length of the interval between the beginning and end of his workday – including working time plus time off for meals plus intervals off duty – was greater than 10 hours.

155.   Defendants did not keep accurate records of wages earned, or of hours worked by Blaka. Defendants did not require Blaka to punch in or out using a time recording system on a daily

basis while at Numero 28. As such, Blaka has not been compensated for all of the hours he suffered or has been permitted to work.

156.    Defendants have failed to furnish Blaka with annual wage notices, as required by the NYLL.

157.    Defendants have failed to furnish Blaka with accurate statements of wages, hours worked, rates paid, and gross wages with every payment of wages, as required by the NYLL.

### FIRST CAUSE OF ACTION
**Fair Labor Standards Act – Minimum Wage**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

158.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

159.    Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Class Action Complaint.

160.    Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b).

161.    At all times relevant, Plaintiff and the members of the FLSA Collective have been employed by an entity engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*, and/or they have been engaged in commerce and/or the production or sale of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*

162.    At all times relevant, Plaintiff and the members of the FLSA Collective were or have been employees within the meaning of 29 U.S.C. §§ 201 *et seq.*

163.    At all times relevant, Defendants have been employers of Plaintiff and the members of the FLSA Collective, and engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 201 *et seq.*

164.     The minimum wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff and the members of the FLSA Collective.

165.     Defendants have failed to pay Plaintiff and the members of the FLSA Collective the minimum wages to which they are entitled under the FLSA.

166.     Defendants have been required to pay directly to Plaintiff and the members of the FLSA Collective the full federal minimum wage rate for all hours worked.

167.     Defendants have not been eligible to avail themselves of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. §§ 201 *et seq.*, because Defendants have failed to inform Plaintiff and the FLSA Collective of the provisions of subsection 203(m) of the FLSA, and have failed to pay them any hourly rate.

168.     Defendants' unlawful conduct, as described in this Class Action Complaint, has been willful and intentional.  Defendants are aware or should have been aware that the practices described in this Class Action Complaint are unlawful.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the members of the FLSA Collective.

169.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201 *et seq.*

170.     As a result of Defendants' willful violations of the FLSA, Plaintiff and the members of the FLSA Collective have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201 *et seq.*

<u>SECOND CAUSE OF ACTION</u>
**Fair Labor Standards Act – Overtime Wages**
**(Brought on behalf of Plaintiff and the FLSA Collective)**

171.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

172.    The overtime wage provisions set forth in the FLSA, 29 U.S.C. §§ 201 *et seq.*, and the supporting federal regulations, apply to Defendants and protect Plaintiff and the members of the FLSA Collective.

173.    Defendants have failed to pay Plaintiff and the members of the FLSA Collective overtime wages to which they have been entitled under the FLSA.

174.    Defendants have failed to pay Plaintiff and the members of the FLSA Collective overtime compensation at a rate of time and one-half the full federal minimum wage rate for all hours worked in excess of 40 per workweek.

175.    Defendants' unlawful conduct, as described in this Class Action Complaint, has been willful and intentional.  Defendants were aware or should have been aware that the practices described in this Class Action Complaint were unlawful.  Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the members of the FLSA Collective.

176.    Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

177.    As a result of Defendants' violations of the FLSA, Plaintiff and the members of the FLSA Collective have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## THIRD CAUSE OF ACTION
### New York Labor Law – Minimum Wage
#### (Brought on behalf of Plaintiff and the members of the Rule 23 Class)

178.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

179.    Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Class Action Complaint.

180.    At all times relevant, Plaintiff and the members of the Rule 23 Class have been employees of Defendants, and Defendants have been employers of Plaintiff and the members of the Rule 23 Class within the meaning of the NYLL §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

181.    At all times relevant, Plaintiff and the members of the Rule 23 Class have been covered by the NYLL.

182.    The minimum wage provisions of Article 19 of the NYLL and the supporting New York State Department of Labor Regulations apply to Defendants, and protect Plaintiff and the members of the Rule 23 Class.

183.    Defendants have failed to pay Plaintiff and the members of the Rule 23 Class the minimum hourly wages to which they are entitled under the NYLL and the supporting New York State Department of Labor Regulations.

184.    Pursuant to the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations, Defendants have been required to pay Plaintiff and the members of the Rule 23 Class the full minimum wage at a rate of:  (a) $7.25 per hour for all hours worked from July 24, 2009 through December 30, 2013; (b) $8.00 per hour for all hours worked from December 31, 2013 through December 30, 2014; and (c) $8.75 per hour for all hours worked from December 31, 2014 to the present.

185.     Prior to January 1, 2011, Defendants failed to furnish with every payment of wages to Plaintiff and the members of the Rule 23 Class a statement listing hours worked, rates paid, gross wages, and tip allowance claimed as part of their minimum hourly wage rate, as required by the NYLL and the supporting New York State Department of Labor Regulations.  As a result, Plaintiff and the members of the Rule 23 Class have been entitled to the full minimum wage rate rather than the reduced tipped minimum wage rate during this time period.

186.     Prior to January 1, 2011, Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff and the members of the Rule 23 Class as required by the NYLL and the supporting New York State Department of Labor Regulations.  As a result, Plaintiff and the members of the Rule 23 Class have been entitled to the full minimum wage rate rather than the reduced tipped minimum wage rate during this time period.

187.     Since January 1, 2011, Defendants have failed to notify Plaintiff and the members of the Rule 23 Class of the tip credit in writing as required by the NYLL and the supporting New York State Department of Labor Regulations.  As a result, Plaintiff and the members of the Rule 23 Class have been entitled to the full minimum wage rate rather than the reduced tipped minimum wage rate during this time period.

188.     Through their knowing or intentional failure to pay minimum hourly wages to Plaintiff and the members of the Rule 23 Class, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

189.     Due to Defendants' willful violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid minimum wages, liquidated damages as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## FOURTH CAUSE OF ACTION
### New York Labor Law – Overtime Wage
**(Brought on behalf of Plaintiff and the members of the Rule 23 Class)**

190.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

191.    Defendants have engaged in a widespread pattern, policy, and practice of violating the NYLL, as detailed in this Class Action Complaint.

192.    The overtime wage provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants, and protect Plaintiff and the members of the Rule 23 Class.

193.    Defendants have failed to pay Plaintiff and the members of the Rule 23 Class overtime wages to which they have been entitled under the NYLL and the supporting New York State Department of Labor Regulations.

194.    Defendants have failed to pay Plaintiff and the members of the Rule 23 Class overtime at a rate of time and one-half the full statutory minimum wage rate for all hours worked in excess of 40 per workweek.

195.    Defendants have failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiff and the members of the Rule 23 Class.

196.    Through their knowing or intentional failure to pay Plaintiff and the members of the Rule 23 Class overtime wages for hours worked in excess of 40 hours per week, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

197.    Due to Defendants' violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## FIFTH CAUSE OF ACTION
### New York Labor Law – Spread-of-Hours Pay
### (Brought on behalf of Plaintiff and the members of the Rule 23 Class)

198.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

199.    Defendants have willfully failed to pay Plaintiff and the members of the Rule 23 Class additional compensation of one hour's pay at the basic minimum hourly wage rate for each day that the length of the interval between the beginning and end of their workday – including working time plus time off for meals plus intervals off duty – has been greater than 10 hours.

200.    Through their knowing or intentional failure to pay Plaintiff and the members of the Rule 23 Class spread-of-hours pay, Defendants have willfully violated the NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations.

201.    Due to Defendants' violations of the NYLL, Plaintiff and the members of the Rule 23 Class are entitled to recover from Defendants their unpaid spread-of-hours wages, liquidated damages, as provided for by the NYLL, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest.

## SIXTH CAUSE OF ACTION
### New York Labor Law – Failure to Provide Proper Annual Wage Notices
### (Brought on behalf of Plaintiff and the members of the Rule 23 Class)

202.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

203.    Defendants have willfully failed to supply Plaintiff and the members of the Rule 23 Class with wage notices, as required by NYLL, Article 6, § 195(1), in English or in the language identified by Plaintiff and the members of the Rule 23 Class as their primary language, containing Plaintiff's and the members of the Rule 23 Class' rate or rates of pay and  basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay

and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

204.    Through their knowing or intentional failure to provide Plaintiff and the members of the Rule 23 Class with the wage notices required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

205.    Due to Defendants' willful violations of NYLL, Article 6, § 195(1), Plaintiff and the members of the Rule 23 Class are entitled to statutory penalties of fifty dollars each day that Defendants failed to provide Plaintiff and the members of the Rule 23 Class with wage notices, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-b).

**SEVENTH CAUSE OF ACTION**
**New York Labor Law – Failure to Provide Accurate Wage Statements**
**(Brought on behalf of Plaintiff and the members of the Rule 23 Class)**

206.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

207.    Defendants have willfully failed to supply Plaintiff and the members of the Rule 23 Class with accurate statements of wages as required by NYLL, Article 6, § 195(3), containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours

worked if applicable; deductions; and net wages.

208. Through their knowing or intentional failure to provide Plaintiff and the members of the Rule 23 Class with the accurate wage statements required by the NYLL, Defendants have willfully violated NYLL, Article 6, §§ 190 *et seq.*, and the supporting New York State Department of Labor Regulations.

209. Due to Defendants' willful violations of NYLL, Article 6, § 195(3), Plaintiff and the members of the Rule 23 Class are entitled to statutory penalties of two hundred fifty dollars for each workweek that Defendants failed to provide Plaintiff and the members of the Rule 23 Class with accurate wage statements, or a total of five thousand dollars each, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by NYLL, Article 6, § 198(1-d).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similarly situated persons, respectfully request that this Court grant the following relief:

A. That, at the earliest possible time, Plaintiff be allowed to give notice of this collective action, or that the Court issue such notice, to all Tipped Workers who are presently working at, or have at any time during the six years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, worked at Numero 28 in New York. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B. Unpaid minimum wages, overtime compensation, and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor Regulations;

C. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules

of Civil Procedure;

D.       Designation of Plaintiff as representative of the Rule 23 Class and counsel of record as Class Counsel;

E.       Payment of a service award to Plaintiff, in recognition of the services he has rendered and will continue to render to the FLSA Collective and Rule 23 Class;

F.       Issuance of a declaratory judgment that the practices complained of in this Class Action Complaint are unlawful under the NYLL, Article 6, §§ 190 *et seq.*, NYLL, Article 19, §§ 650 *et seq.*, and the supporting New York State Department of Labor Regulations;

G.       Unpaid minimum wages, overtime compensation, spread-of-hours pay, and liquidated damages permitted by law pursuant to the NYLL and the supporting New York State Department of Labor Regulations;

H.       Statutory penalties of fifty dollars for each day that Defendants failed to provide Plaintiff and the members of the Rule 23 Class with wage notices, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

I.        Statutory penalties of two hundred fifty dollars for each workweek that Defendants failed to provide Plaintiff and the members of the Rule 23 Class with accurate wage statements, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

J.       Prejudgment and post-judgment interest;

K.       An injunction requiring Defendants to pay all statutorily required wages and cease the unlawful activity described herein pursuant to the NYLL;

L.       Reasonable attorneys' fees and costs of the action; and

M.      Such other relief as this Court shall deem just and proper.

Dated: New York, New York
       September 25, 2015

                              Respectfully submitted,


                              /s/Brian S. Schaffer
                              Brian S. Schaffer

                              **FITAPELLI & SCHAFFER, LLP**
                              Brian S. Schaffer
                              Arsenio D. Rodriguez
                              475 Park Avenue South, 12th Floor
                              New York, NY 10016
                              Telephone: (212) 300-0375


                              /s/ Louis Pechman
                              Louis Pechman

                              **PECHMAN LAW GROUP PLLC**
                              Louis Pechman
                              Washcarina Martinez Alonzo
                              488 Madison Avenue, Suite 1120
                              New York, NY 10022
                              (212) 583-9500

                              *Attorneys for Plaintiff and
                              the Putative Class*

## FAIR LABOR STANDARDS ACT CONSENT

1.     I consent to be a party plaintiff in a lawsuit against Numero 28 and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216(b).

2.     By signing and returning this consent form, I hereby designate PECHMAN LAW GROUP and FITAPELLI & SCHAFFER, LLP ("the Firms") to represent me and make decisions on my behalf concerning the litigation and any settlement.  I understand that reasonable costs expended on my behalf will be deducted from any settlement or judgment amount on a pro rata basis among all other plaintiffs.  I understand that the Firms will petition the Court for attorney's fees from any settlement or judgment in the amount of the greater of: (1) the "lodestar" amount, calculated by multiplying reasonable hourly rates by the number of hours expended on the lawsuit, or (2) 1/3 of the gross settlement or judgment amount.  I agree to be bound by any adjudication of this action by a court, whether it is favorable or unfavorable.



_____
Signature

ILIR  BLAKA
_____
Full Legal Name (Print)